IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY T. LAY                                                                                       PLAINTIFF

vs.                                                       CIVIL NO. 06-5095

MICHAEL J. ASTRUE[1], Commissioner,
SOCIAL SECURITY ADMINISTRATION                                                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Bobby Lay ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income ("SSI") under Title XVI of the Act.

**Background:**

The application for SSI now before this court was filed on March 9, 2004, alleging an onset date of November 7, 1989, due to severe pain in his neck and lower back with pain and numbness radiating into his lower back, legs, and feet. (Tr. 95). An administrative hearing was held on March 29, 2005. (Tr. 21-52).

The ALJ issued a written decision on January 27, 2006, finding that plaintiff was not disabled within the meaning of the Act. (Tr. 9-18). He then concluded that plaintiff's impairments were severe within the meaning of the Regulations but did not meet or medically equal an impairment contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 17). As such, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

perform a limited range of light and a full range of sedentary work that could be performed from a seated position and involves standing or walking for only brief periods of time. (Tr. 17). Using the Medical -Vocational Guidelines (the "Grids"), the ALJ then concluded that plaintiff could still perform work that existed in significant numbers in the national economy. (Tr. 17).

At the time of the ALJ's final decision, plaintiff was thirty-two years old and possessed a seventh grade education. (Tr. 16). The record reveals that he had past relevant work ("PRW") experience in unskilled jobs. (Tr. 16).

On April 29, 2006, the Appeals Council declined to review the ALJ's decision. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving him disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to fully and fairly develop the record in this case. Because a social security hearing is a non-adversarial proceeding, the ALJ has a duty to fully develop the record regarding the claimant's impairments. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). When the evidence suggests the existence of an impairment that is inadequately addressed in the medical record, the ALJ has a duty to explore and investigate that impairment through expert examinations or otherwise in order to make an informed decision. *See Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Id*. (quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

In the present case, the medical evidence reveals that plaintiff has been treated for neck and lower back with pain and numbness radiating into his lower back, legs, and feet . In March 2004, an x-ray of plaintiff's cervical spine was unremarkable. (Tr. 162). Due to the severity and chronicity of plaintiff's complaints, an MRI was recommended. (Tr. 162). However, no MRI was ever performed.

On September 27, 2005, plaintiff underwent an orthopaedic exam with Dr. Robert Thompson. (Tr. 164-165). He reported neck and back pain, pain on the left side of his face and lip, and bilateral leg pain and numbness. Plaintiff stated that he had been involved in an automobile accident in 1989 at which time he sustained a fractured collarbone. X-rays of plaintiff's cervical spine revealed mild osteoarthritis and rather prominent cervical ribs, particularly on the left. A physical exam revealed a reduced range of motion in the neck, particularly with lateral rotation to

the left. Motion in the lumbar spine was also reduced primarily with forward flexion. Deep tendon reflexes were zero to trace in the upper and lower extremities and sensation was reduced around the elbow on the left but was normal distally in the hand and forearm. In the left lower extremity, plaintiff claimed to have reduced sensation virtually everywhere, particularly in the thigh, outer calf, and heel. He reported a history of a left sided stroke and was purportedly told he was born with mild cerebral palsy. Because plaintiff's complaints were of sensory abnormalities and other neurological type defects rather than orthopedic problems, Dr. Thompson recommended that he be seen by a neurologist. Further, due to plaintiff's purported suicidal thinking, he indicated that a psychological evaluation might be worthwhile. (Tr. 164). However, neither a neurological nor psychological consultation was ordered.

Given the fact that the record reveals that more medical evidence was needed to determine the cause and severity of plaintiff's condition, we believe that remand is necessary to allow the ALJ to develop the record further. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). We note that Dr. Thompson provided the only RFC assessment contained in the file and that he was of the opinion that a neurological and psychological evaluation should be performed. As such, on remand, the ALJ is directed to order neurological and psychological evaluations of plaintiff, as well as ensure that an MRI is conducted to assist in the evaluation of plaintiff's claim. *See Dozier v. Heckler*, 754 F.2d at 276.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore recommend that the denial of benefits to the plaintiff be reversed and this matter be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

ENTERED this 24th day of April 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)